IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeEARL FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALDANA RAMIREZ,<br><br>　　　　　Defendant. | No. 2:24-CV-2036-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 12.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on July 26, 2024. See ECF No. 1. Following resolution of the fee status for this case, the Court issued an order on September 11, 2024, addressing the sufficiency of Plaintiff's complaint. See ECF No. 6. The Court stated as follows:

> In the current action, Plaintiff claims Defendant, who is a police officer for the City of Sacramento, lied during his criminal preliminary hearing. See ECF No. 1. This claim was first presented in Foster v. Ramirez, E. Dist. Cal. case no. 2:22-cv-1064-WBS-AC-P (Foster I). Foster I was dismissed without prejudice for failure to comply with the Court's order to resolve the fee status for the case. See ECF Nos. 7 and 8 in Foster I. Plaintiff sought reconsideration, which was denied. See ECF No. 11 in Foster I. In denying reconsideration, the District Judge noted, among other things, that re-opening the case would be futile because Plaintiff failed to state a cognizable claim. See id. Plaintiff initiated the current action on July 26, 2024. See ECF No. 1.
> As the District Judge noted in Foster I, Plaintiff's claim does not appear to be cognizable. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which

> would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).
>
> Here, Plaintiff alleges that Defendant Ramirez provided false testimony during his criminal preliminary hearing.  Success on this claim would necessarily imply the invalidity of any criminal conviction arising from the same proceedings.  Plaintiff has not alleged any facts to indicate that the conviction has been set aside or otherwise invalidated.  Plaintiff will be provided an opportunity to amend.

ECF No. 6, pgs. 2-3.

Plaintiff filed the operative first amended complaint on January 30, 2025.  See ECF No. 12.

**B.** **Plaintiff's Allegations**

As with the original complaint, Plaintiff continues to name Aldana Ramirez, a City of Sacramento police officer, as a defendant.  See id. at 2.  Plaintiff newly names the Sacramento County District Attorney's Office as a defendant.  See id.  Plaintiff alleges Defendant Ramirez reviewed video evidence after Plaintiff was falsely accused by a witness. See id. at 4. Plaintiff contends Defendant Ramirez "lied and said the video evidence supported the witness claim," at which point Plaintiff was arrested. Id. However, at a preliminary hearing, Plaintiff alleges that Defendant Ramirez admitted that the video evidence did not coincide with the witness's claims. See id. With regards to the Sacramento District Attorney's Office, Plaintiff alleges that, after being incarcerated for nearly ten months, "the judge said that the District Attorney didn't want to press charges." Id. at 3. Plaintiff adds that if Plaintiff entered a plea to a violation of probation, then that would enable Plaintiff to leave. See id.

/ / /

/ / /

/ / /

/ / /

3

## II. DISCUSSION

The Court finds that Plaintiff has plausibly stated a potentially cognizable claim against Defendant Ramirez based on providing false information during a criminal preliminary hearing which resulted in Plaintiff's incarceration for ten months until the charges were dropped. Specifically, Plaintiff has alleged sufficient facts for the Court to reasonably infer that the criminal charges against him were resolved in his favor by way of the District Attorney declining to prosecute. By separate order, the Court will direct Plaintiff to provide documents necessary for service on Defendant Ramirez by the Untied States Marshal.

Plaintiff has not, however, stated a cognizable claim against newly added defendant Sacramento County District Attorney's Office, which is a municipal entity. For the reasons discussed below, the Court will recommend dismissal of Defendant Sacramento County District Attorney's Office.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, Plaintiff's only reference to the Sacramento County District Attorney's Office is in the list of defendants being named. See ECF No. 10, pg. 2. The amended complaint contains no allegations as to the Sacramento County District Attorney's office or its employees. In particular, Plaintiff does not allege the existence of any custom or policy of the Sacramento County District Attorney's Office which caused a violation of Plaintiff's rights. Plaintiff only tangentially references the Sacramento County District Attorney's Office by stating in the

amended complaint that, after ten months in jail, the District Attorney decided not to press charges.  See id. at 3.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the Sacramento County District Attorney's Office.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Sacramento County District Attorney's Office be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  August 5, 2025**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE