IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeEARL FOSTER,<br><br>              Plaintiff,<br><br>       v.<br><br>ALDANA RAMIRES, et al.,<br><br>              Defendants. | No.  2:24-CV-2036-DJC-DMC-P<br><br><br><br>ORDER |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

      On August 5, 2025, the Magistrate Judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein.  No objections to the findings and recommendations have been filed.

      The Court has reviewed the file and adopts the Magistrate Judge's Findings and Recommendations in part.  As an initial matter, the Court agrees with the Magistrate Judge's findings that Plaintiff's Complaint (1) plausibly states a potentially cognizable claim against Defendant Aldana Ramirez and (2) fails to state a cognizable claim against Defendant Sacramento County District Attorney's Office.  However, the

Court finds that amendment would not clearly be futile and thus does not find that denying leave to amend is proper.

Plaintiff names the Sacramento County District Attorney's Office as defendant in his case. Section 1983 is a way to hold municipalities or other local government bodies liable if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. *Connick v. Thompson,* 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dep't. of Social Servs.,* 436 U.S. 658, 690, 692 (1978)). However, liability comes from the local government entity's own illegal acts, *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986), as they are not considered responsible for their employees' actions, *see Monell,* 436 U.S. at 691. Plaintiffs who want to hold local government units responsible under section 1983 must prove that "action pursuant to official municipal policy" caused their injury. *Id.* The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

Although Plaintiff has not made this showing as to the Sacramento County District Attorney's Office, the Court finds that leave to amend is nevertheless warranted. *See Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is only proper if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).[1]

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed August 5, 2025 (ECF No. 16) are ADOPTED IN PART.

---

[1] The Court also notes that mail to Plaintiff has been returned as undeliverable. Plaintiff is reminded of his continuing obligation under Local Rule 182(f) to notify the Clerk and all other parties of any change of address.

2. Defendant Sacramento County District Attorney's Office is dismissed with leave to amend.

3. This matter is referred back to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: **October 23, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE